IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY RABITOY,

                Plaintiff,

    v.                                                                      OPINION & ORDER

NANCY BERRYHILL,                                              17-cv-495-jdp
  Acting Commissioner, Social Security Administration,

                Defendant.

---

Plaintiff Timothy Rabitoy seeks judicial review of a final decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The administrate law judge (ALJ) concluded that Rabitoy suffered from adjustment disorder, attention deficit hyperactivity disorder, and panic disorder, but that Rabitoy retained the capacity to perform a significant number of jobs in the economy, including an assembler or packager.[1]

Rabitoy contends that the administrative law judge made two errors in her residual functional capacity assessment that require a remand: (1) she failed to account for limitations found by agency consultants; and (2) she failed to include a limitation related to concentration, persistence, and pace.

The case is scheduled for an oral argument on March 6, 2018, but after reviewing the record, the court concludes that oral argument is not necessary. Because Rabitoy has failed to

---

[1] The ALJ also considered physical limitations related to Rabitoy's back, but Rabitoy is not challenging the ALJ's handling of those issues.

show that the ALJ's assessment is missing any limitations supported by the record, the court will affirm the administrative decision.

ANALYSIS

The focus of Rabitoy's appeal is on the ALJ's residual functional capacity assessment as it relates to Rabitoy's mental impairments:

> [T]he claimant has the residual functional capacity to perform light work . . . [that] is routine, repetitive, simple work, not requiring more than brief and superficial contacts with others, . . . and [that] is low stress, defined as not requiring more than routine changes in the process or work setting.

**R. 25.**

Rabitoy's first contention relies on the opinions of two agency consultants, Roger Rattan and Kyla King. In their assessments of Rabitoy's mental residual functional capacity, both consultants indicated on a worksheet that Rabitoy is "moderately limited" in "[t]he ability to accept instructions and respond appropriately to criticism from supervisors" and "[t]he ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." **R. 87, 105.** The ALJ placed "great weight" on the opinions of these consultants, **R. 28**, but Rabitoy says that the ALJ's RFC assessment does not reflect the limitations identified above. This is a problem, Rabitoy says, because the ALJ must either include a consultant's limitation in the RFC assessment or explain why she is rejecting the consultant's opinion. *Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015) ("[T]he reasoning for [rejecting a medical opinion] must be adequately articulated."); *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("[T]he ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record.").

The court agrees with the commissioner that the ALJ's assessment adequately reflects the opinions of the consultants. Under *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015), "an ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations."[2] In this case, the consultants included the following statements about Rabitoy in their narrative opinions:

- He is able to interact briefly with coworkers, supervisors, and the general public. He may have difficulty tolerating the stress and pressure. **R. 87.**

- He should generally be able to interact on a superficial level with coworkers and supervisors with only occasional interpersonal issues. **R.105.**

These opinions effectively translate what the consultants meant when they indicated on the worksheet that Rabitoy is "moderately limited" in "[t]he ability to accept instructions and respond appropriately to criticism from supervisors" and "[t]he ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." And the ALJ's assessment includes the limitation that Rabitoy cannot perform work "requiring more than brief and superficial contacts with others," which incorporates the consultants' opinions about Rabitoy's ability to interact with coworkers and supervisors. Rabitoy simply ignores that portion of the ALJ's assessment.

Rabitoy's second contention is that the ALJ failed to incorporate into her RFC assessment her own finding that Rabitoy has moderate limitations in concentration, persistence, and pace. But as this court has explained before, "the phrase [concentration,

---

[2] The worksheet at issue in this case did not involve checkboxes. Instead the consultant wrote in whether Rabitoy was "not significantly limited," "mildly limited," "moderately limited," or "markedly limited" as to various abilities. But the issue is the same as in *Varga*, which is whether the consultants' narrative opinions adequately encapsulate the findings on the worksheet.

persistence, and pace] is simply a general category" that "must be translated into particular limitations"; the phrase "does not necessarily communicate to the vocational expert or anyone else what a claimant can or cannot do." *Rossenbach v. Colvin*, No. 13-cv-435, 2014 WL 1729096, at *2 (W.D. Wis. Apr. 30, 2014). Thus, there is no requirement that an ALJ's assessment include the words "concentration, persistence, and pace"; the question is whether the assessment includes all of the claimaint's limitations supported by the record. *Yurt*, 758 F.3d at 857 (7th Cir. 2014). In this case, the ALJ's discussion of Rabitoy's mental impairments, and the evidence related to those impairments, was quite thorough. **R. 27–28.**

The court of appeals has concluded in several opinions that an ALJ erred by failing to incorporate limitations related to concentration, persistence, and pace, *e.g.*, *Lanigan v. Berryhill*, 865 F.3d 558, 566 (7th Cir. 2017); *Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016), but in each of those cases, the problem was that the ALJ failed to account for evidence that supported a particular limitation, not that she failed to use particular "magic words" in her decision. *Cihlar v. Berryhill*, 706 F. App'x 881, 884 (7th Cir. 2017). In this case, Rabitoy does not identify any evidence supporting a limitation related to the general category of "concentration, persistence, and pace" that is not adequately reflected in the ALJ's RFC assessment. The specific limitations identified by Rattan and King, and endorsed by the ALJ, were reflected in the RFC assessment and in the hypothetical posed to the vocational expert. Because Rabitoy "does not identify medical evidence that would justify further restrictions," *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016), this contention fails as well.

ORDER

IT IS ORDERED that the decision of defendant Nancy Berryhill denying plaintiff Timothy Rabitoy's application for disability benefits is AFFIRMED. The clerk of court is directed to enter judgment in favor of Berryhill and close this case.

Entered February 21, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge